**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:18-cv-00104-RM-MEH

TELIAX, INC.,

      Plaintiff,

v.

VERIZON SERVICES CORP.,

      Defendant.

_____

**ORDER**
_____

      This matter is before the Court on Defendant's motion to strike four of Plaintiff's asserted defenses to Defendant's counterclaim for breach of contract. (ECF No. 58.) The motion has been fully briefed. (ECF Nos. 62, 63.) For the reasons given below, the motion is granted in part and denied in part.

**I.     LEGAL STANDARD**

      Fed. R. Civ. P. 12(f) permits a court to strike a defense if it is legally insufficient. However, motions to strike are generally disfavored both because striking a pleading or part of a pleading is a drastic remedy and because such motions are often made as a dilatory tactic. *See Dorato v. Smith*, 163 F. Supp. 3d 837, 863-64 (D. N.M. 2015). "'The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed.'" *Id.* at 863 (quoting *Carter-Wallace, Inc. v. Riverton Lab.*, 47 F.R.D. 366, 368 (S.D. N.Y. 1969)). Consequently, courts generally

deny motions to strike "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." *Dorato*, 163 F. Supp. 3d at 862 (quotation omitted).

## II.     BACKGROUND

This case presents a billing dispute between two telecommunications companies. Plaintiff performs switched access services to allow Defendant's customers to make toll-free 1-800 calls. In January 2015, the parties entered into a settlement agreement covering payment for Plaintiff's services. Pursuant to the agreement, Defendant paid Plaintiff's invoices until August 2017, when it began withholding payment. Plaintiff filed a complaint against Defendant asserting five claims for relief. (ECF No. 1.) On August 6, 2018, the Court dismissed four of those claims, including claims for account stated, quantum meruit, and unjust enrichment. (ECF No. 45.) As explained in the Court's order, these claims were dismissed because allowing equitable relief under these circumstances would frustrate the federal regulatory mechanism, which requires Plaintiff to file a tariff with the Federal Communications Commission ("FCC") or to negotiate an agreement for its compensation.

Defendant filed a counterclaim for breach of contract with its answer, asserting that Plaintiff's invoices from January 2015 through August 2017 (which it paid) violated the settlement agreement because they included fraudulent and illegal charges. (ECF No. 54.) In its answer to Defendant's counterclaim, Plaintiff asserts six affirmative and other defenses. (ECF No. 56.) Defendant's motion to strike pertains to four of those defenses, specifically the defenses that Verizon's counterclaim is barred, in whole or in part, by its lack of good faith and

the doctrine of unclean hands ("Second Affirmative Defense"); the doctrine of unjust enrichment ("Third Affirmative Defense"); the doctrines of promissory estoppel, consent, and ratification ("Fourth Affirmative Defense"); and its failure to mitigate damages ("Sixth Affirmative Defense"). (ECF No. 56 at 8.)

## III.   DISCUSSION

Defendant argues that the Court should dismiss Plaintiff's "equitable defenses" for the same reasons it already dismissed Plaintiff's equitable claims. (ECF No. 58 at 2-3.) However, the Court disagrees that the claims and defenses are congruent. The basis for the Court's dismissal of Plaintiff's equitable claims was that, under the federal regulatory mechanism, Plaintiff's only alternative to negotiating an agreement with Defendant was to file a tariff with the FCC. Because Plaintiff negotiated a settlement agreement with Defendant, the Court would not allow Plaintiff to recover based on an implied agreement—separate and apart from the settlement agreement and the FCC's tariff regulations—by which Defendant would compensate Plaintiff. The guiding principle of the August 6, 2018, order is that the Court could not allow Plaintiff to pursue remedies not based on the settlement agreement it had negotiated with Defendant.

The gist of Defendant's counterclaim is that Plaintiff breached the settlement agreement by overbilling for its services. But Defendant has not even attempted to show that Plaintiff's asserted defenses have no possible relation or logical connection to the settlement agreement. Although the defenses are stated in short and plain terms, that is all that Fed. R. Civ. P. 8(b) requires. *See Martinez v. Naranjo*, 328 F.R.D. 581, 592 (D. N.M. 2018) (noting the heightened pleading standard established in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662 (2009), does not apply to affirmative defenses pled in answers). The Court concludes that, with one exception, it is possible that these defenses may relate to the settlement agreement or have a logical connection to the damages, if any, that Defendant is able to recover on its counterclaim. Further, Defendant has made no argument or showing that it would suffer significant prejudice should these defenses be permitted to proceed. As a result, the Court is not prepared to strike these defenses at this stage.

Plaintiff's Third Affirmative Defense is on a different footing. To find that Defendant's counterclaim is barred by the doctrine of unjust enrichment, the Court would need to contemplate an implied agreement between the parties, separate and apart from the settlement agreement. As discussed above and in the Court's previous order, that possibility is foreclosed by the federal regulatory mechanism. Accordingly, the Court will strike Plaintiff's Third Affirmative Defense.

## IV. CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendant's motion to strike (ECF No. 58). For the reasons above, the Court strikes Plaintiff's Third Affirmative Defense only.

DATED this 19th day of April, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge